

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,174-01

**EX PARTE ANTHONY SATTERWHITE, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 07CR2647-B IN THE 117TH DISTRICT COURT
## FROM NUECES COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to fifteen years' imprisonment. The Thirteenth Court of Appeals dismissed his appeal pursuant to a motion filed by Applicant by and through his attorney. *Satterwhite v. State*, No. 13-12-00494-CR (Tex. App. – Corpus Christi - Edinburg, May 9th, 2013).

Applicant contends that his appellate counsel rendered ineffective assistance because appellate counsel did not communicate adequately with Applicant regarding the appeal. Applicant

alleges that appellate counsel told Applicant that he was pursuing a motion to reconsider the adjudication and get Applicant's community supervision reinstated. Applicant alleges that the last time he met with appellate counsel, counsel gave him some papers to sign, which Applicant believed pertained to the motion to reconsider. Applicant alleges that he has not heard from appellate counsel since signing those papers, despite having written to appellate counsel to inquire about the status of his appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, appellate counsel shall state what advice he gave to Applicant with respect to the direct appeal. Appellate counsel shall state whether he told Applicant that he would file a motion to reconsider and try to get Applicant's community supervision reinstated. Appellate counsel shall state when and for what reason(s) Applicant decided to abandon the appeal, and shall state whether he obtained Applicant's approval before filing the motion to dismiss the appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient

performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: October 15, 2014
Do not publish